**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**EMMIT LEE GROCE, JR.,**

**Plaintiff,**

**v.** **Case No. 26-CV-481**

**MILWAUKEE COUNTY COURTHOUSE, *et al*.,**

**Defendants.**

---

**ORDER SCREENING THE COMPLAINT**

---

On March 24, 2026, plaintiff Emmit Lee Groce, Jr., who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee, (ECF No. 2). This order resolves his motion and screens his complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Groce was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 24, 2026, Groce filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) On March 25, 2026, the court ordered Groce to pay an initial partial filing fee of $21.14 by April 24, 2026. (ECF No. 5) Groce paid the fee on April 14, 2026. The court will grant Groce's motion for leave to proceed without prepaying the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

**SCREENING THE COMPLAINT**

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Groce was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Groce's Allegations and Analysis*

Groce alleges that when he was sentenced in his criminal case in Milwaukee County on April 13, 2022, his time served was taken into consideration and he should have been released from custody on that day. (ECF No. 1 at 2-3.) Instead, he remained in custody ten days after his release date. (*Id.*)

Groce potentially states a claim, but he sues the Milwaukee County Courthouse, the Milwaukee County Jail, the Department of Corrections, and the Department of Community Corrections. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The

Milwaukee County Courthouse and The Milwaukee County Jail are not people. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For the Milwaukee County Courthouse and Milwaukee County Jail, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Milwaukee County Courthouse and Milwaukee County Jail are not legal entities "separable from the county government which it serves," and are therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Similarly, the Wisconsin Department of Corrections and the Wisconsin Department of Community Corrections are not people, the DOC is a state agency and claims against a state agency are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (Citing *Graham* 437 U.S. at 165-166; *Monell*, 436 U.S. at 690 n. 55). A State may be considered a "person" under § 1983 where the plaintiff seeks injunctive relief and alleges that the State itself is responsible for the violation of her constitutional rights because of a practice, custom, or policy. *Will*, 491 U.S. at 71 n. 10; *Graham*, 473 U.S. at 166 (citing *Monell*, 436 U.S. at 694). Groce does not make such allegations.

As such, Groce fails to state a claim upon which relief may be granted. The Seventh Circuit has emphasized, however, that the district court generally must

afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Groce so chooses, he may file an amended complaint by **September 2, 2026** and specify which individuals he alleges kept him past his release date. If he does not know the name of the individuals, he may use John or Jane Doe as a placeholder. If his complaint survives screening, he will have an opportunity to conduct discovery to figure out their identities. He is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Groce's failure to state a claim in his original amended complaint. The court will enclose an amended complaint form along with this decision. Groce must use the form. If he needs more space, he may attach up to five additional pages

**THEREFORE, IT IS ORDERED** that Groce's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Groce may file an amended complaint that complies with the instructions in this order on or before **September 2, 2026**. If Groce files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Groce does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to

state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Groce a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Groce shall collect from his institution trust account the $328.86 balance of the filing fee by collecting monthly payments from Groce's prison trust account in an amount equal to 20% of the preceding month's income credited to Groce's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Groce is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Groce is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Groce is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Groce is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Groce's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 3rd day of August, 2026.

BY THE COURT:

Nancy Joseph

____________________________
NANCY JOSEPH
United States Magistrate Judge