**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**EMMIT LEE GROCE, JR.,**

**Plaintiff,**

**v.** **Case No. 26-CV-481**

**MILWAUKEE COUNTY COURTHOUSE , *et al.*,**

**Defendants.**

---

**ORDER**

---

Plaintiff Emmit Lee Groce, Jr., who is incarcerated and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) On August 3, 2026, the court screened Groce's complaint and found it failed to state a claim upon which relief may be granted. (ECF No. 9.) The court gave Groce an opportunity to amend his complaint and correct the deficiencies. The court gave explicit instructions regarding what Groce needed to do to state a viable claim. (*Id.* at 4-5.) Groce had until September 2, 2026 to file an amended complaint.

On August 26, 2026, Groce notified the court that his addressed changed. (ECF No. 11.) The clerk of court's office resent the screening order. To date, Groce has not filed either an amended complaint or a motion for extension of time. Because Groce did not amend his complaint by the deadline, the court will dismiss his case. The court has jurisdiction to dismiss the case in light of Groce's consent to the full jurisdiction of the magistrate judge and both Milwaukee County's and the Wisconsin

Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between this court and both Milwaukee County and the Wisconsin Department of Justice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 5th day of October, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge